UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SAMUEL VALDEZ,

           Petitioner,

v.

SCOTT SPEER,

           Respondent.

Case No. C25-5035-BHS-SKV

REPORT AND RECOMMENDATION

## I.    INTRODUCTION

Petitioner Samuel Valdez is a state prisoner who is currently confined at the Stafford Creek Corrections Center in Aberdeen, Washington. He has presented to the Court for filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his confinement pursuant to the judgment and sentence entered in Wahkiakum County Superior Court case number 15-1-00020-4. *See* Dkt. 1-1 at 1. Petitioner previously filed another federal habeas petition relating to the same judgment. This Court, having reviewed the petition filed in this matter, and Petitioner's prior petition, concludes the instant petition is a second or successive petition over which this Court lacks jurisdiction, and the petition should therefore be dismissed.

REPORT AND RECOMMENDATION
PAGE - 1

## II. DISCUSSION

Petitioner submitted the instant federal habeas petition to the Court for filing on January 14, 2025. *See* Dkt. 1. As noted above, the petition relates to the judgement and sentence entered in Wahkiakum County Superior Court case number 15-1-00020-4. *See* Dkt. 1-1 at 1. Petitioner seeks relief from that judgment on the ground that he was denied counsel at a critical stage of his criminal proceedings, specifically, his arraignment. *See id.* at 6.

The Ninth Circuit has held that "28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment[.]" *White v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc). Petitioner's petition for writ of habeas corpus is therefore properly construed as one brought pursuant to § 2254. A review of this Court's records reveals that Petitioner filed a federal habeas petition challenging the same Wahkiakum County Superior Court judgment and sentence on May 3, 2021. *See Valdez v. Haynes,* C21-5322-DGE, Dkt. 1-1. That petition was dismissed on the merits on July 22, 2022. *See id.*, Dkts. 30, 39, 40.

The fact that Petitioner had a previous federal habeas petition challenging the judgment at issue here dismissed on the merits renders the instant petition a second or successive one for purposes of 28 U.S.C. § 2244(b). *See* 28 U.S.C. § 2244(a). This Court is without jurisdiction to consider a successive petition until the Ninth Circuit Court of Appeals has authorized its filing. *See* 28 U.S.C. § 2244(b)(3)(A). Petitioner provides no evidence that the Ninth Circuit has authorized the filing of the instant petition. Accordingly, this Court lacks jurisdiction to consider it.

//

//

REPORT AND RECOMMENDATION
PAGE - 2

### III. CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes Petitioner is not entitled to a certificate of appealability in this matter.

### IV. CONCLUSION

Based on the foregoing, this Court recommends that Petitioner's federal habeas petition (Dkt. 1-1) and this action be dismissed under 28 U.S.C. § 2244(a) for lack of jurisdiction, and that a certificate of appealability be denied. This Court further recommends that Petitioner's application to proceed *in forma pauperis* (Dkt. 1), and all motions submitted by Petitioner in this action (Dkts. 1-8, 1-9, 1-10, 3, 4), be denied as moot. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may

1  be filed by **the day before the noting date**. If no timely objections are filed, the matter will be

2  ready for consideration by the District Judge on **February 24, 2025**.

3      DATED this 3rd day of February, 2025.

*S. Kate Vaughan*
S. KATE VAUGHAN
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 4